UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SARDINA, Roberto (A12-906-414),

                       Plaintiff,

- against -

ANDREA QUARANTILLO,
New York District Director of the United
States Citizenship and Immigration Services,

                       Defendant.

------------------------------------------------------------X

JUDGE CHIN

07 Civ. No. 11326

**COMPLAINT**

RECEIVED
DEC 17 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Mr. Roberto Sardina ("Mr. Sardina"), by his attorneys, BRETZ & COVEN, LLP, hereby alleges, upon information and belief as follows:

### I. INTRODUCTION

1. This is a civil action brought by the Plaintiff, to compel the Defendant and those acting under her to take action on a naturalization interview with the United States Citizenship and Immigration Services ("USCIS") that took place on or about November 15, 2005, and on which the Defendant and those acting under her have failed to take action.

### II. JURISDICTION

2. This Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C, §1447(b), because the USCIS failed to make a determination regarding Mr. Sardina's naturalization application within 120 days after the date of his naturalization interview.

3. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with the Administrative Procedure Act

("APA") (5 U.S.C. § 555(b)), and the Immigration Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.).

4.  Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the APA (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the INA and regulations implementing it (Title 8 of the C.F.R.).

5.  The APA requires the USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The USCIS is subject to 5 U.S.C. § 555(b). Mr. Sardina contends that the delay in processing his application is unreasonable.

6.  The INA is clear on the duties owed by the USCIS in the application for naturalization process. INA § 103, 8 U.S.C.S. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (Emphasis added). INA § 336(b), 8 U.S.C. § 1447(b) states that "[i]f there is a failure to make a determination under INA § 335, 8 U.S.C. § 1446, before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." The language of the statute is mandatory, not discretionary,

and requires the defendant to adjudicate the application for naturalization.

### III. VENUE

7.  Venue of this action is proper under INA § 336(b), 8 U.S.C, §1447(b). Mr. Sardina is filing the Complaint in the district in which he resides.

### IV. PARTIES

8.  Plaintiff, Mr. Sardina, is a native and citizen of Cuba. He has been a lawful permanent resident ("LPR") of the United States since 1962, when he arrived here. Mr. Sardina applied for naturalization (on Form N-400) on or about February 18, 2002. On November 15, 2005, he appeared for his naturalization interview. Since then, the USCIS has not provided him or his attorneys any specific information regarding the status of his naturalization application.

9.  Defendant Andrea Quarantillo is sued in her official capacity. She is the New York District Director of the USCIS. As such, she is the Department of Homeland Security's ("DHS") designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

### V. FACTS

10. Mr. Sardina is a native and citizen of Cuba. He was born on September 25, 1951. He first entered the United States on or about April 21, 1962, as an LPR, and has remained an LPR since then.

11. Mr. Sardina has been arrested on a number of occasions between 1970 and 1995. None of these events affect his eligibility for naturalization. His last conviction was in 1986.

12. On February 18, 2002, Mr. Sardina filed a Form N-400, application for naturalization. At the time of his filing it had been over 16 years since his 1986 conviction.

13. On June 3, 2005, Mr. Sardina was interviewed by District Adjudications Officer ("DAO") Masino on his N-400 application for naturalization. At the interview Mr. Sardina was given an N-14 Form, requesting additional documents, including: a list of all trips outside the U.S.; all original court certified dispositions, sentences and proof of fulfillment of sentences for all arrests; and 1040 tax returns for 2000-2004.

14. On January 27, 2006, Mr. Sardina timely delivered the requested documents to DAO Masino. Since then, the USCIS has not provided Mr. Sardina or his attorneys with any specific information regarding the status of his naturalization application.

15. Since completing the interview, Mr. Sardina and his attorneys have made numerous attempts to inquire into the status of his naturalization application.

16. On May 19, 2006, Mr. Sardina's counsel sent a letter to DAO Masino asking to be advised of the current status of the case. Mr. Sardina's counsel sent a similar letter to DAO Masino on July 18, 2006.

17. On September, 1, 2006, Mr. Sardina's counsel sent another inquiry about Mr. Sardina's naturalization application to the USCIS Naturalization Section Chief, Mr. Dennis Bunce.

18. As of October 30, 2007, more than twenty-eight months after Mr. Sardina's naturalization interview, USCIS has yet to take any action on his application for naturalization and has not provided Mr. Sardina or his attorneys with any information regarding the status of his case.

## FIRST CAUSE OF ACTION

(USCIS Has A Duty To Make A Decision Concerning Mr. Sardina's Naturalization Application Within 120 Days of His Interview)

19.    The allegations contained in paragraphs 1 through 18 above are repeated and realleged as though fully set forth herein.

20.    Defendant has willfully and unreasonably delayed and refused to take action on Mr. Sardina's naturalization application.

21.    Defendant owes Mr. Sardina a duty to act upon his naturalization application. Defendant is required pursuant to INA § 336(b), 8 U.S.C, §1447(b), to make a decision on such applications within 120 days from the day of an interview. Mr. Sardina appeared for his naturalization interview on June 3, 2005. The Defendant owes Mr. Sardina a duty to act upon this application within 120 days.

22.    The duty to render a decision on Mr. Sardina's naturalization application is a nondiscretionary one. The duty can be compelled by this Court and is permitted by INA § 336(b), 8 U.S.C, §1447(b).

23.    Defendant's failure to take action on Mr. Sardina's application for naturalization is in violation of the INA and the APA.

24.    By making multiple follow-up inquiries on the status of his application, Mr. Sardina has exhausted any administrative remedy that is available to him. No other remedy exists to resolve Defendant's delay and refusal to rule on his application.

## SECOND CAUSE OF ACTION

(*De Novo* Review of Mr. Sardina's Naturalization Application under INA § 336(b))

25. The allegations contained in paragraphs 1 through 24 above are repeated and realleged as though fully set forth herein.

26. Pursuant to INA § 336(b), 8 U.S.C, §1447(b), "if there is a failure to make a determination under [INA] § 335 [8 U.S.C. § 1446] before the end of the 120-day period, after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter."

27. Over 120 days have passed since Mr. Sardina's June 3, 2005 interview.

28. Accordingly, if the Court will not remand for USCIS to render a decision on Mr. Cowan's naturalization application, then, Mr. Sardina requests, in the alternative, a *de novo* review of his application for naturalization.

29. According to INA § 316, a naturalization applicant must demonstrate: (1) lawful permanent resident status for at least five years; (2) that he has not abandoned his United States domicile; and (3) that he has been a person of good moral character for a period of time beginning five years prior to the day he files his naturalization application. Mr. Sardina meets all of the requirements for naturalization.

30. Mr. Sardina's most recent conviction, which occurred in 1986, has no impact on his moral character in the five years prior to filing his naturalization application on February 18, 2002, or on his present moral character because it falls outside the five year good moral character

requirement.

31.   Upon *de novo* review of his application, Mr. Sardina should be granted naturalization.

**WHEREFORE,** and in light of the foregoing, Plaintiff, Roberto Sardina, prays that the Court:

A.   Assume jurisdiction herein;

B.   Compel the Defendant and those acting under her to perform their duty to render a decision on Mr. Sardina's naturalization application; or in the alternative,

C.   Engage in a *de novo* review of Mr. Sardina's naturalization application;

D.   Grant attorney's fees and costs of court; and

E.   Grant such other and further relief as the Court deems appropriate and just.

Dated: New York, New York
       December 17, 2007

Respectfully submitted,

BRETZ & COVEN, LLP
305 Broadway, Suite 100
New York, NY 10007
(212) 267-2555

By: _____
Amanda E. Gray (AG 4343)

## VERIFICATION

Amanda E. Gray, under penalty of perjury, states the following:

1. That I am an attorney admitted to practice before this Court. I am employed at Bretz and Coven, LLP, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff.

Dated:   New York, NY
         December 17, 2007

                                                _____
                                                Amanda E. Gray (AG 4343)